UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JEROME CAPLETON,** ) | |
| Petitioner ) | |
| ) | |
| v. ) | 05-CV-30217-MAP |
| ) | 00-CR-30027-MAP |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent ) | |

### PROCEDURAL ORDER REGARDING PETITIONER'S
### MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
### SET ASIDE, OR CORRECT HIS SENTENCE
(Dkt. Nos. 1 & 350)

May 23, 2007

**PONSOR, D.J.**

On October 4, 2005, Petitioner filed this action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. At the same time, he also filed a "Motion to Stay in Abeyance" seeking a stay from this court of any substantive action on his petition pending efforts by him to vacate prior state convictions that influenced the severity of his sentence before this court.

On October 26, 2005, Respondent filed a lengthy memorandum addressing each of the substantive points offered in the petition, along with an opposition to the Motion to Stay.

On October 31, 2005, Petitioner filed a memorandum in support of his petition (apparently not having received Respondent's memorandum) and on December 7, 2005, Petitioner

filed a reply to Respondent's memorandum (termed a "traverse"), as well as a Motion for Evidentiary Hearing.

On December 16, 2005, the court granted a stay of any action on the petition to give Petitioner time to attempt to vacate state court convictions. On July 11, 2006, the stay was extended to December 31, 2006.

On February 12, 2207, the court ordered Petitioner to file a report by March 2, 2007, informing the court of the status of his state court challenges. This report was filed on March 2, 2007. In his submission, Petitioner has conceded that the state court trial judge has denied his motion to withdraw his guilty pleas, but has requested an additional 180-day stay to appeal the ruling.

The request for a further stay (Dkt. No. 17) is hereby DENIED, for two reasons.

First, it is not even clear that this petition offers a classic mix of exhausted and unexhausted claims. Along with a plethora of clearly exhausted (and therefore justiciable) claims, Petitioner appears to request the opportunity for time to obtain state court rulings that might <u>create</u> a claim with regard to his sentence. It is doubtful whether this sort of situation is appropriate for a stay at all.

Second, despite the ambiguous nature of Petitioner's "unexhausted" claims, the court has afforded Petitioner a

generous period of time to litigate in the state court.  As noted, the original petition was filed on October 4, 2005 and has been stayed since then, nearly eighteen months.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court addressed the problem of the mixed petition for <u>habeas</u> relief and noted that, even where a stay is appropriate, a mixed petition "should not be stayed indefinitely." <u>Id.</u> at 277.  The court has the responsibility to "place reasonable time limits on a petitioner's trip to state court and back." <u>Id.</u> at 278.

In this case, a reasonable time period has clearly passed.  Because of the passage of time, the court will give both Petitioner and Respondent until June 29, 2007 to make further submissions on any pending issues raised by the petition as amended on September 22, 2006 (Dkt. No. 14), or by the Motion for Evidentiary Hearing filed December 7, 2005 (Dkt. No. 10).  In particular, the court requests supplemental memos regarding Petitioner's claim that he was not informed of his right to testify, and regarding Petitioner's request for an evidentiary hearing on this point, in light of the First Circuit's recent decision in <u>Owens v. United States</u>, 483 F.3d 48 (1st Cir. 2007).

It is So Ordered.

<pre>
                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge
</pre>