UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JEROME CAPLETON,              )
          Petitioner          )
                              )
     v.                       )  05-CV-30217-MAP
                              )  00-CR-30027-MAP
UNITED STATES OF AMERICA,     )
          Respondent          )
```

MEMORANDUM AND ORDER REGARDING PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT HIS SENTENCE
(Dkt. Nos. 1 & 350)

July 1, 2008

**PONSOR, D.J.**

On September 21, 2000, Petitioner was indicted, along with three co-defendants, for conspiracy to distribute 50 grams or more of cocaine base and four acts of substantive distribution of 50 grams or more of cocaine base. See 00-CR-30027-MAP.  On September 26, 2001, after a ten-day jury trial, Petitioner was convicted on all five counts, and on February 20, 2002 he received a sentence of 360 months.  His direct appeal, motion for review en banc, and petition for certiorari to the United States Supreme Court were all thereafter unsuccessful.

On September 28, 2005, Petitioner filed the current petition pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence, on numerous grounds. One ground for relief was Petitioner's contention that his

trial attorney failed to inform him that he had a right to make his own decision as to whether he wished to testify. This claim led to an evidentiary hearing pursuant to <u>Owens v. United States</u>, 483 F.3d 48 (1st Cir. 2007), at which both Petitioner and his trial counsel offered testimony. For the reasons set forth below, the court will deny Petitioner's motion pursuant to § 2255, will dismiss the petition and will order entry of judgment for Respondent.

    Petitioner's general arguments that the evidence was insufficient to support his conviction for conspiracy lacks merit for two reasons. First, the argument was addressed and rejected on direct appeal. <u>United States v. Capleton</u>, 350 F.3d 231, 242-43 (1st Cir. 2003). Second, the evidence of Petitioner's participation in the conspiracy was overwhelming. To cite only two of many examples of inculpatory evidence, Petitioner was seen and identified at the drug distribution scene, and marked drug money was seized from his pocket shortly after one transaction.

    Petitioner's argument with regard to the ineffectiveness of his counsel simply cannot pass the benchmark established in <u>Singleton v. United States</u>, 26 F.3d 233, 238 (1st Cir. 1994). Trial counsel's performance was well within the "wide range of reasonable professional assistance," expected of defense counsel. Counsel made

reasonable decisions both with regard to requests for jury instructions and in determining which witnesses to call. As the government points out, the one alibi witness Petitioner claims should have been called pertained to only one of the four substantive acts of distribution Petitioner was convicted of. Even in the unlikely event that the alibi witness would have led to acquittal on this count, the resulting sentence would have been the same. Similarly, none of the arguments relating to Petitioner's sentencing have any merit, for reasons set forth in the government's memorandum. See Dkt. No. 5.

As noted above, the court conducted an evidentiary hearing as required by Owen regarding Petitioner's claim that he was never properly informed of his right to testify and was, in fact, forbidden to testify by his attorney. After hearing the testimony, the court finds to the contrary. Attorney Alan Black, Petitioner's trial counsel, testified that he informed Petitioner that the decision whether to testify was Petitioner's and Petitioner's alone. The court accepts Attorney Black's testimony that he and Petitioner had many conversations about Petitioner's right to testify and that although counsel advised Petitioner against testifying (since he would be unable to explain the buy money found on his person one hour after a drug sale),

the ultimate decision was left in Petitioner's hands.

Because the court has found that Attorney Black's testimony was entirely credible, and Petitioner's testimony was not, judgment will enter in favor of Respondent on this claim as well.

In sum, a careful review of all of Petitioner's arguments reveal that they lack any merit.  The evidence against Petitioner at trial was overwhelming and defense counsel performed more than adequately in all respects, especially given the difficulties of the case.  For these reasons, Petitioner's Motion to Vacate, Set Aside or Correct His Sentence (Dkt. Nos. 1 & 350) is hereby DENIED and the petition is hereby DISMISSED.  The clerk will enter judgment for Respondent.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge